IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LAWRENCE E. DIXON, 1751862 | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 3:15-CV-2448-L-BK |
| | § | |
| DR. MUHAMMAD E. ZEEM, ET AL., | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* civil rights action under 42 U.S.C. § 1983 was referred to the undersigned United States Magistrate Judge. The Court granted Plaintiff's motion to proceed *in forma pauperis*, but did not issue process pending preliminary screening. For the reasons that follow, the complaint should be summarily dismissed.

On July 6, 2015, Plaintiff, a state inmate, filed a *pro se* complaint against Dr. Muhammad E. Zeem, the Lew Sterrett Justice Center, and the City of Dallas, asserting that while he was an inmate at the Dallas County Jail in 2011, Dr. Zeem prescribed him pain medication but negligently failed to advise him about potential side effects. Doc. 1 at 4, 7. Plaintiff was hospitalized for several days in 2011 as a result of the side effects, which included an inability to urinate. Doc. 1 at 4, 7. Plaintiff requests monetary relief for pain and suffering, and for the stress that he endured. Doc. 1 at 4. However, his allegations duplicate the claims he pursued in 2013 in *Dixon v. Zeem, et al.*, No. 3:13-CV-5048-M-BH, 2014 WL 1040549 (N.D. Tex. Mar. 14,

2014) (accepting recommendation that complaint against Dr. Zeem, the Dallas County Jail, and Parkland Hospital be dismissed as frivolous). See 2013 Doc. 1 for copy of complaint.[1]

Consequently, this case should be summarily dismissed with prejudice as duplicative. See *Pittman v. Moore*, 980 F.2d 994, 994-995 (5th Cir. 1993) (A complaint is frivolous when it "duplicates allegations of another pending federal lawsuit by the same plaintiff." Courts should ensure "that the plaintiff obtains one bite at the litigation apple-but not more"); 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(b) (providing for *sua sponte* dismissal of an *in forma pauperis* complaint if it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief).

**RECOMMENDATION**

For the foregoing reasons, it is recommended that this action be **DISMISSED** with prejudice as frivolous. See 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(b). The dismissal of this case will count as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g).[2]

SIGNED August 3, 2015.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff initially filed this and the 2013 action in the Eastern District of Washington, which in turn transferred both actions to this Court. Doc. 6.

[2] Section 1915(g), commonly known as the "three-strikes" provision, provides: "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

      A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE